UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRADY R. HUNT et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-431-G |
| | ) | |
| STATE FARM FIRE AND | ) | |
| CASUALTY COMPANY et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Now before the Court is Plaintiffs Brady R. Hunt and Dorothy K. Hunt's Motion to

Remand (Doc. No. 12).  Defendant State Farm Fire and Casualty Company ("State Farm")

has responded (Doc. No. 13), and Plaintiffs have replied (Doc. No. 14).  Additionally, the

parties have filed notices of supplemental authority pursuant to Local Civil Rule 7.1(*l*).

*See* Notices of Suppl. Auth. (Doc. Nos. 15, 16, 17, 19).

I.    *Background*

Plaintiffs initially filed this action in the District Court of Oklahoma County,

Oklahoma, on March 10, 2025.  *See* Pet. (Doc. No. 1-2).  Plaintiffs challenge State Farm's

denial of an insurance claim submitted for wind and hail damage to the roof of Plaintiffs'

property following a September 2024 storm.  *See id.* ¶¶ 40, 50.

Plaintiffs' claims are premised on an alleged scheme referred to as the "Hail Focus

initiative," pursuant to which State Farm and its captive insurance agents—i.e., agents who

exclusively sell State Farm products—underpay and deny wind and hail damage claims.

*See id.* ¶¶ 1-4.  According to Plaintiffs, the scheme begins when an agent sells a

replacement cost home insurance policy to the insured. *See id.* ¶ 4(a). In doing so the agent "expressly and/or impliedly represents" that: the property meets State Farm's underwriting guidelines and is eligible for the coverage sought; the replacement cost value calculated by the agent is accurate; and the policy provides coverage for wind and hail damage. *Id.* ¶¶ 4, 19, 21, 25, 36. State Farm then issues the policy. *Id.* ¶ 4(c).

If the insured later incurs a covered loss from wind or hail damage and submits a timely claim, State Farm denies the claim based on a variety of bad faith claims handling tactics. *Id.* ¶ 4(d), (e). State Farm agents allegedly know of this scheme and fail to disclose it to customers, despite having a legal duty to do so. *Id.* ¶ 4(b).

Plaintiffs bring claims of breach of contract, breach of the duty of good faith and fair dealing, and constructive fraud/negligent misrepresentation against Defendant State Farm. *See id.* ¶¶ 45-59, 67-79. Plaintiffs also assert claims against their insurance agent, Defendant Michael Muecke, and his company, Mike Muecke Insurance Agency, Inc. (collectively, "Defendant Muecke"), for negligent procurement of insurance and for constructive fraud/negligent misrepresentation. *See id.* ¶¶ 60-79.

State Farm removed the action to this Court on the basis of diversity jurisdiction and the doctrine of fraudulent joinder. *See* Notice of Removal (Doc. No. 1) at 2-26. Plaintiffs then filed the instant Motion to Remand, alleging that State Farm has not met its burden of establishing fraudulent joinder.

## II.    *Relevant Standards*

A civil action filed in a state court may be removed to federal court if the case is one over "which the district courts of the United States have original jurisdiction." 28 U.S.C.

§ 1441(a). "Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citation omitted).

The relevant statute prescribes that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Jurisdiction under § 1332(a) requires complete diversity among the parties. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

It is undisputed that the $75,000 amount in controversy requirement is met here. *See* Pet. at 31. It is further undisputed that Plaintiffs and Defendant Muecke are citizens of Oklahoma for diversity purposes and that State Farm is a non-Oklahoma citizen for diversity purposes. *See id.* ¶¶ 5-7. Therefore, complete diversity does not exist among the parties.

Citing this lack of diversity, Plaintiffs seek remand of this case to state court. *See* Pl.'s Mot. to Remand at 15-32; 28 U.S.C. § 1447(c). State Farm asserts that the Court has jurisdiction over this action because Plaintiffs fraudulently joined Defendant Muecke, a nondiverse defendant, as a means to defeat removal. *See* Notice of Removal at 2-4; Def.'s Resp. at 10-31.

The doctrine of fraudulent joinder permits a federal court to disregard the citizenship

3

of a nondiverse defendant against whom the plaintiff has not asserted or cannot assert a colorable claim for relief. *See Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013). "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (alteration and internal quotation marks omitted). "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Id.* (internal quotation marks omitted).

III.    *Discussion*

A. *Actual Fraud in the Pleadings*

Defendant State Farm asserts that Plaintiffs have engaged in fraud in the pleading of jurisdictional facts. *See* Def.'s Resp. at 29-31. State Farm's argument rests primarily on what it describes as "an implausible and increasing number of cases" brought by Plaintiffs' counsel against State Farm and other insurers alleging that different agents are complicit in "systematic and pervasive" insurance schemes by the same misrepresentations and underwriting failures. *Id.* at 29.

While this Court has expressed discomfort with the substantially similar allegations presented, neither the similarity of allegations nor the number of cases filed by Plaintiffs' counsel, standing alone, establishes actual fraud. *See Norman v. State Farm Fire & Cas. Co.*, 764 F. Supp. 3d 1100, 1104-05 (W.D. Okla. 2025). "[T]he Petition alleges that the agents are an essential component of State Farm's scheme to wrongfully deny claims, and some similarity in statements or conduct is therefore conceivable." *Id*. at 1105; *see also*

4

*Whitby v. State Farm Fire & Cas. Co.*, No. 23-CV-00073, 2023 WL 11763365, at *4 (N.D. Okla. Aug. 21, 2023) (declining to find fraud in the pleadings "simply because the allegations here are similar to those made in other cases").

### B. Plaintiffs' Ability to Establish a Claim Against Defendant Muecke

In evaluating State Farm's assertion of fraudulent joinder, the Court must "determine whether [Plaintiffs] ha[ve] any possibility of recovery against" Defendant Muecke. *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (internal quotation marks omitted). The removing party must demonstrate "[t]he non-liability of the defendants alleged to be fraudulently joined . . . with 'complete certainty.'" *Hernandez v. Liberty Ins. Corp.*, 73 F. Supp. 3d 1332, 1336 (W.D. Okla. 2014) (quoting *Smoot v. Chi., Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967)). "This standard is more exacting than that for dismissing a claim under Fed.R.Civ.P. 12(b)(6)," as "remand is required if any one of the claims against the non-diverse defendant . . . is possibly viable." *Montano*, 2000 WL 525592, at *2.

"This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability[.]" *Smoot*, 378 F.2d at 882 (internal quotation marks omitted). "But upon specific allegations of fraudulent joinder, the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Id.* (citation and internal quotation marks omitted).

Plaintiffs assert two causes of action against Defendant Muecke: (1) negligent procurement of insurance; and (2) constructive fraud/negligent misrepresentation. *See* Pet. ¶¶ 60-79.

Oklahoma law recognizes that an insurance agent has a "duty to act in good faith and use reasonable care, skill[,] and diligence in the procurement of insurance." *Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999). "This duty rests, in part, on specialized knowledge about the terms and conditions of insurance policies generally." *Rotan v. Farmers Ins. Grp. of Cos.*, 83 P.3d 894, 895 (Okla. Civ. App. 2004) (alteration and internal quotations marks omitted). "To discharge their duty . . . , insurance agents need only offer coverage mandated by law and coverage for needs that are disclosed by the insureds." *Id.* (emphasis omitted). An insurance agent can therefore be liable to the insured in negligence "if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey,* 979 P.2d at 269.

Plaintiffs requested a "replacement cost policy that would provide coverage for the Insured Property in the event of a loss." Pet. ¶ 25(a). To ensure the roof would qualify for the requested coverage, the Plaintiffs provided Defendant Muecke with a pre-purchase inspection report of the property, which indicated that the roof was generally in good condition but had minor hail damage. *See id.* ¶¶ 25(d), 40(a)-(c). "Plaintiffs [were] specifically assured by Defendant Muecke that [the] Insured Property's roof would be fully covered by the Policy, including replacement cost for the subject roof." *Id.* ¶ 40(c).

Plaintiffs allege that State Farm relied, at least in part, on findings of pre-existing damage—namely "normal wear and tear"—to deny their claim. *See id.* ¶¶ 36, 40(m). Plaintiffs assert that they disclosed the existence of such pre-existing damage to Defendant Muecke prior to procurement of the policy. *See id.* ¶¶ 25(d), 40(a)-(c). They therefore contend that Defendant Muecke was negligent in performing his underwriting duties

6

because State Farm's denial was inconsistent with his assurances, resulting in "illusory coverage" that "deviat[ed] substantially and materially" from what Plaintiffs requested. *See id.* ¶¶ 19, 21, 26, 63.

Upon consideration of the record, the Court finds that State Farm has not met its heavy burden to show with "complete certainty" that Plaintiffs cannot state a negligent procurement claim against Defendant Muecke in state court. *Smoot*, 378 F.2d at 882; *see Swickey*, 979 P.2d at 269; *Oliver v. State Farm Fire & Cas. Co.*, 765 F. Supp. 3d 1244, 1250 (W.D. Okla. 2025) (remanding case where the plaintiffs alleged that "State Farm's denial was contrary to the [agent's] representations that all underwriting requirements had been met and that there were no preexisting issues with the roof that would limit or restrict coverage"); *Nelson v. State Farm Fire & Cas. Co.*, 647 F. Supp. 3d 1189, 1194-95 (W.D. Okla. 2022) (remanding where the dispositive issue was the insurance agent's role in allegedly negligent underwriting of a policy and the claim denial relied in part on pre-existing damage). Plaintiffs have a "possibly viable" claim that, by Defendant Muecke's fault, "insurance [was] not procured as promised and [Plaintiffs] suffer[ed] a loss." *Montano*, 2000 WL 525592, at *2; *Swickey*, 979 P.2d at 269.

### C. Summary

Accordingly, the Court may not disregard the citizenship of Defendant Michael Muecke and Defendant Mike Muecke Insurance Agency, Inc. in assessing whether diversity jurisdiction exists under 28 U.S.C. § 1332(a). The Court concludes that there is not complete diversity of citizenship as required to establish jurisdiction under § 1332(a) and that remand is therefore required. *See* 28 U.S.C. § 1447(c).

CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Remand (Doc. No. 12) is GRANTED.

The Court REMANDS this matter to the District Court of Oklahoma County, Oklahoma, and DIRECTS the Clerk of this Court to send a certified copy of this Order to the Clerk of the state court to which this matter is remanded.

IT IS SO ORDERED this 30th day of March, 2026.

_____
CHARLES B. GOODWIN
United States District Judge

8